Pearson, C. J.
 

 The case turns upon the construction of the act of 1794, Rev. Code, ch. 46, s. 31. “The appointing any person executor shall not be a dischai'ge of any debt or demand due from him to the testator.” This is short, and. seems at first blush to be very clear; but when considered in reference to the law as previously understood, and the great learning which has been brought to bear on it, we confess the question of construction presents some difficulty.
 

 At common law, if a creditor is appointed administrator or executor of his debtor, he not only has a right to retain, in preference to any other creditor of equal degree, on the ground that his right of action is suspended, but he is presumed to retain the moment he receives assets, and the debt is extinguished, so that he cannot apply the assets to another debt and sue another obligor on the debt due to himself.
 
 Chaffin
 
 v.
 
 Hanes,
 
 4 Dev. 103.
 

 On the same principle when a debtor is appointed administrator or executor of the creditor, the action is suspended, and the administrator or executor is chargeable with the debt as assets, on the presumption that he has paid himself;
 
 *363
 
 but in regard to an administrator it was held that the debt was not
 
 extinguished,
 
 as the appointment was
 
 Ly act of laiv,
 
 unless in point of fact he had brought the debt into account and had applied it in the course of ^administration. Otherwise after his death the debt was not extinguished, and his personal representative or another bound for the same debt, might be sued for it. In regard to an executor, however, not only the action was suspended, but the
 
 debt was extinguished
 
 or
 
 discharged,
 
 on the ground that the appointment was
 
 by the act of the party,
 
 and if a party suspends his right of action, it is gone forever, and after the death of the executor the debt could be recovered neither from his personal representative nor any other who was sued for the debt, either as co-obligor or as surety. If one named executor by his creditor did not qualify, but renounced, there was no suspension of the action or discharge of the debt, except in the single instance where another besides the debtor was named executor — in which case, although he renounced, yet if the other qualified, that inured to the benefit of the debtor, as he could come in and qualify at any time afterwards: and not only the action was in such case suspended, but the debt was extinguished.
 

 We think the construction contended for by Mr. Haywood is too narrow, and that the distinction which he took, between appointing one executor and his acting as such, was not in the mind of the law makers, but the word
 
 appointing
 
 an executor was used in a general sense, and cannot be restricted, so as to mean simply
 
 naming
 
 one executor without reference to' his qualification; for this would make the act, except in the single instance where more than one are named executors and the debtor does not qualify, inoperative and useless. So that construction would remedy a particular instance of the evil, and leave the general mischief unprovided for, besides imputing to the legislature
 
 *364
 
 ignorance of the fact that the mere naming or appointing one executor who does not qualify and act as such, did not operate as a discharge of the debt.
 

 We believe the intention of the statute was to remedy the general mischief, by abolishing the distinction taken at common law between the effect of the
 
 act of the law
 
 and the
 
 act of the party
 
 in the appointment of administrators and executors, and to put them on the same footing — that is, that in regard to botbqthere is a suspension of the action, but the debt is not to be extinguished in regard to either. So that after the death of one executor, his personal representative, or his co-obligors or sureties may be sued, as in case of an administrator, and the debt will retain its original character in the administration of the assets.
 

 It follows that the main scope of the bill, which is to charge Mrs. Miller with a
 
 devastavit
 
 in paying the assets to the defendant Boudinot as upon a bond debt, and to charge him with complicity by reason of the insolvency of Mrs. Miller, fails for, as we have seen, the debt due by Miller and his sureties to Dr. Hill still retains its dignity as a specialty debt, which Mrs. Miller had a right to prefer over other bond debts until the right to make preference in favor of one creditor in equal degree by voluntary payment is put an end to by action, or a creditor’s bill and a decree
 
 quod computet.
 

 It also follows that the bill must be dismissed; for so far as it seeks to compel Mrs. Miller to execute the general power to sell the real estate for the payment of debts, that relief cannot be given unless the devisees are made parties, and allowed an opportunity of showing that the personal estate is sufficient; and so far as it is a bill by a single bond creditor to have his debt established and an account of the assets, and a decree for the payment of his debt in the
 
 *365
 
 due course of administration, it is disposed of by
 
 Wilkins
 
 v.
 
 Finch
 
 at this term.
 

 Demurrer allowed — bill dismissed.
 

 Per Curiam.
 

 Decree accordingly.